United States District Court
Southern District of Texas
**ENTERED**
February 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THERESA ANN LAMPLEY and REGINALD JAMES LAMPLEY, § § § Plaintiffs, § § VS. § § CHESSIE MANN STEWART, JR.; EAN HOLDINGS, LLC; FORD MOTOR COMPANY; FORT BEND COUNTY, TEXAS; THE TEXAS DEPARTMENT OF TRANSPORTATION; and THE UNITED STATES DEPARTMENT OF TRANSPORTATION. § § § § § § § § § Defendants. § | CIVIL ACTION NO. 4:22-CV-0634 |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court are motions to dismiss filed by Defendants the United States Department of Transportation ("DOT") (Dkt. 19), EAN Holdings, LLC d/b/a Enterprise Rent A Car ("EAN") (Dkt. 32), Fort Bend County ("Ft. Bend") (Dkt. 43), and the Texas Department of Transportation ("TxDOT") (Dkt. 60). After considering the pleadings, responses, record, and applicable law, the Court **GRANTS** DOT, EAN, and Ft. Bend's motions to dismiss. The Court **DENIES** TxDOT's motion to dismiss; the claims against TxDOT are **REMANDED** to the 458th Judicial District Court of Fort Bend County, Texas. The Court declines to exercise supplemental jurisdiction over the remaining claims against Chessie Mann Stewart, Jr ("Stewart") and the Ford Motor Company

("Ford"). Those claims are **REMANDED** to the 458th Judicial District Court of Fort Bend County, Texas.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2019, Martin Lampley suffered fatal injuries after being struck by a Ford Fusion driven by Stewart, who rented the car from EAN. Stewart was driving westbound on U.S. Highway 59 as the sun was setting when the accident occurred. Martin's only surviving brother, Reginald Lampley, witnessed the accident.

Reginald and his wife Theresa Ann filed a lawsuit in state court, naming as defendants Stewart, "Enterprise Car Rentals" (a company that does not exist), Ford, Ft. Bend, TxDOT, and DOT. EAN, the proper Defendant for the rental car company implicated in the case, was later served but had not yet answered when DOT removed the case to federal court.

Plaintiffs' amended complaint presents four causes of action: (1) negligence on the part of all Defendants, resulting in Reginald's post-traumatic stress disorder; (2) gross negligence on the part of all Defendants, resulting in the same; (3) premises liability on the part of "the owners and maintainers of the highway upon which" Martin was killed; and (4) loss of consortium on the part of all Defendants, filed on Theresa's behalf. Plaintiffs seek $1,500,000 in compensatory damages and $5,000,000 in punitive damages.

DOT, EAN, Ft. Bend, and TxDOT filed motions to dismiss. The Court considers their motions below.

## LEGAL STANDARDS

*Rule 12(b)(1)*

A motion filed under Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting that federal subject matter jurisdiction exists bears the burden of proving it by a preponderance of the evidence. *Ballew v. Continental Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Under Rule 12(b)(1), the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Walch v. Adjutant General's Department of Texas*, 533 F.3d 289, 293 (5th Cir. 2008). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi*, 143 F.3d 1006, 1010 (5th Cir. 1998).

*Rule 12(b)(6)*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light

most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.

*Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022). If the plaintiff's allegations are contradicted by facts disclosed by a document attached to the complaint or by facts disclosed by a document attached to the motion to dismiss that is central to the claim and referenced by the complaint, then the plaintiff's contradicted allegations are not accepted as true. *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013) (refusing to accept as true factual allegations that were

contradicted by the plaintiff's EEOC charging documents, which the defendant had attached to its motion to dismiss).

## ANALYSIS

***DOT***

DOT seeks dismissal of Plaintiffs' claims on two bases: (1) DOT is immune from suit and has not waived its immunity; and (2) Plaintiffs have failed to state a claim upon which relief can be granted against DOT. (Dkt. 19 at 1). In response, Plaintiffs requested discovery against DOT. (Dkt. 26 at 2). The Court agrees with DOT that dismissal is warranted here.

Plaintiffs are seeking money damages for four tort claims against DOT: negligence, gross negligence, premises liability, and loss of consortium. The Federal Tort Claims Act ("FTCA") "provides the sole basis of recovery for tort claims against the United States." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 287 (5th Cir.2012). Plaintiffs were thus required to adhere to the exhaustion procedures provided by the FTCA before bringing their claim in court. 28 USCA § 2675. Those procedures instruct prospective plaintiffs to "first present[] the claim to the appropriate Federal agency"; only then, once the agency either denies the claim or fails to respond for six months, can the claimant present their claims in court. 28 USCA § 2675(a). Plaintiffs failed to follow these procedures.

Because Plaintiffs neglected to adhere to the FTCA's exhaustion procedures, the Court has no jurisdiction over Plaintiffs' claims against DOT. Thus, DOT's motion to dismiss is **GRANTED**.[1]

*EAN*

EAN argues that dismissal of Plaintiffs' claims is proper because EAN is a non-manufacturer seller of the vehicle at issue here, and thus cannot be liable for design defects. (Dkt. 32 at 1-2). Plaintiffs did not respond to EAN's motion. The Court agrees with EAN that dismissal is warranted.

Plaintiffs acknowledge that EAN "owned or leased the Ford Fusion automobile that was driven by [] Stewart [] and rented to Enterprise Car Rentals." (Dkt. 17 at 3). Given that "Enterprise Car Rentals" does not exist, the Court infers that Plaintiffs were referring to Enterprise Rent A Car (which is EAN's d/b/a entity). Plaintiffs thus describe EAN, in the words of the Texas Civil Practice and Remedies Code, as a "seller that did not manufacture" the vehicle at issue in this case. Tex. Civ. Prac. & Rem. § 82.003(a). As such, under Texas law EAN "is not liable for harm caused to the claimant" by that vehicle. *Id.* While Texas' liability shield for nonmanufacturing sellers of products could have been pierced if Plaintiffs ultimately proved that EAN participated in the design of the vehicle involved here, or modified the vehicle in a way that caused the harm under review here, Plaintiffs make no such allegations against EAN.

---

[1] While dismissal of the claims against DOT is warranted on jurisdictional grounds alone, the Court further agrees with DOT that Plaintiffs have not articulated a cognizable claim against DOT in any event. Thus, even if the Court had jurisdiction over Plaintiffs' claims against DOT, those claims would have been dismissed under Rule 12(b)(6).

Accordingly, Plaintiffs' negligence claim against EAN—as well as Plaintiffs' derivative gross negligence and loss of consortium claims—are dismissed. EAN's motion to dismiss is **GRANTED**.

***Ft. Bend***

Ft. Bend seeks dismissal of Plaintiffs' claims on two bases: (1) Ft. Bend is immune from suit and has not waived its immunity; and (2) Plaintiffs have failed to state a claim upon which relief can be granted against Ft. Bend. (Dkt. 43 at 2). In response, Plaintiffs argue that (1) Ft. Bend's immunity and jurisdictional arguments are waived under the "Due Order of Pleading's [sic] Doctrine" by virtue of Ft. Bend supposedly filing its special exceptions and plea to the jurisdiction after filing its general denial in state court; and (2) that Ft. Bend's immunity for premises defects is waived, Ft. Bend had notice of the accident at issue here, and Ft. Bend had notice of the supposed defect because "many accidents have occurred" due to the defective positioning of US-59. (Dkt. 51 at 1-2). The Court agrees with Ft. Bend that dismissal of Plaintiffs' claims is warranted.

As an initial matter, Plaintiffs' assertion that Ft. Bend filed its special exceptions and plea to the jurisdiction after filing its "General Denial" is incorrect. The state court docket makes clear that Ft. Bend filed its special exceptions and plea to the jurisdiction on the same day and in the same document as its original answer. *See* 458 District Court, Case No. 21-DCV-289181, at Index #27. Such a filing is appropriate under the Texas Rules of Civil Procedure and does not implicate any "due order of pleading doctrine." *See* Tex. R. Civ. P. 85 ("The original answer may consist of [] pleas to the jurisdiction [] or any other

dilatory pleas[,] of special exceptions [and] of general denial."). Ft. Bend has not waived its immunity or jurisdictional arguments.

The Court further finds that Ft. Bends immunity and jurisdictional arguments are well-founded and provide grounds for dismissal of Plaintiffs' claims here. Under Texas law, "[t]he party suing the governmental entity must establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission." *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Plaintiffs have pled no grounds under which Ft. Bend's immunity from suit is waived; indeed, Plaintiffs do not so much as mention Ft. Bend's governmental immunity in their Rule 15 Amended Complaint. (Dkt. 17). Plaintiffs' failure to "establish the state's consent" to suit provides sufficient grounds to dismiss their claims against Ft. Bend.

Even if Plaintiffs had properly presented their claims against Ft. Bend, those claims are nevertheless without merit and deserving of dismissal. For one, Ft. Bend failed to adhere to the notice provisions contained in the Texas Tort Claims Act ("TTCA"). Tex. Civ. Prac. & Rem. Code. §101.101. Plaintiffs' pleadings give no indication that Ft. Bend received written notice of the claims against it within six months of the accident at issue here, as required by the TTCA. Tex. Civ. Prac. & Rem. Code. §101.101(a). Nor is there basis for the Court to find that Ft. Bend had actual notice of Plaintiffs' injuries (post-traumatic stress and loss of consortium). And in any event, the most generous interpretation of Plaintiffs' theory of liability against Ft. Bend—that Ft. Bend is responsible for there not being an emergency lane or shoulder at the location of the accident, and that that section of I-59 faced the setting sun—nevertheless cannot support claims of negligence, gross

negligence, or premises liability, nor a derivative claim of loss of consortium. "Decisions about highway design and about what type of safety features to install are discretionary policy decisions" for which government units are immune from suit. *State v. Miguel*, 2 S.W.3d 249, 251 (Tex. 1999) (quotation omitted).

Ft. Bend's motion to dismiss is **GRANTED**.

### *TxDOT*

TxDOT argues that dismissal of Plaintiffs' claims against it is warranted because, as a state agency, it is immune from suit in federal court. (Dkt. 60 at 1-2). Plaintiffs did not respond to TxDOT's motion. Because the Court agrees with TxDOT that it is immune from suit in federal court, the Court remands Plaintiffs' claims against TxDOT to state court.

The Eleventh Amendment of the United States Constitution provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. Thus, the Fifth Circuit has held that the Eleventh Amendment "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Such consent from a State must be clear and unequivocal. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). Similarly, the Supreme Court has also required "an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the several States.'" *Id*. (*citing Quern v. Jordan*, 440 U.S. 332, 342 (1979)). Further, "[i]t has long been settled that the reference to actions

'against one of the United States encompasses not only actions in which a State is actually named as a defendant, but also certain actions against state agents and state instrumentalities.'" *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).

Because TxDOT did not consent to DOT's removal of this case to federal court, TxDOT properly asserts federal-court immunity from Plaintiffs' claims.[2] The Court thus lacks jurisdiction over TxDOT in this matter. Accordingly, the Court will not grant TxDOT's request to outright dismiss Plaintiffs' claims on state-law immunity grounds. Having prevailed on its Eleventh Amendment immunity argument here, TxDOT may present its state-law immunity argument in state court.

TxDOT's motion to dismiss is **DENIED**. Plaintiffs' claims against TxDOT are **REMANDED** to the 458th Judicial District Court of Fort Bend County, Texas.

***Supplemental Jurisdiction***

Having dismissed the claims against DOT, EAN, and Ft. Bend, and having remanded the claims against TxDOT to state court, only the claims against Stewart and Ford remain. Neither Stewart nor Ford has yet sought dismissal of the claims against them. The Court will thus decline to exercise supplemental jurisdiction over those claims.

Federal district courts have the discretion to decline to exercise supplemental jurisdiction over state-law claims; that discretion is guided by the statutory factors set forth

---

[2] TxDOT would have waived this immunity had TxDOT itself removed the case to federal court. *See Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005) ("[W]hen Texas removed this case to federal court it voluntarily invoked the jurisdiction of the federal courts and waived its immunity from suit in federal court.").

in 28 U.S.C. § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity. *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

The factors listed in 28 U.S.C. § 1367(c) are:

> (1) the claim raises a novel or complex issue of State law;
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

"These interests are to be considered on a case-by-case basis, and no single factor is dispositive." *Mendoza*, 532 F.3d at 346. The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

Having dismissed all claims over which it has original jurisdiction and all claims that were otherwise without merit, and having remanded the claims against TxDOT to state court, the Court declines to exercise jurisdiction over the remaining claims in this matter. Thus, the claims against Stewart and Ford are **REMANDED** to the 458th Judicial District Court of Fort Bend County, Texas.

## CONCLUSION

The Court **GRANTS** DOT, EAN, and Ft. Bend's motions to dismiss. The Court **DENIES** TxDOT's motion to dismiss; the claims against TxDOT are **REMANDED** to the 458th Judicial District Court of Fort Bend County, Texas. The Court declines to exercise supplemental jurisdiction over the remaining claims against Chessie Mann Stewart, Jr ("Stewart") and the Ford Motor Company ("Ford"). Those claims are **REMANDED** to the 458th Judicial District Court of Fort Bend County, Texas.

SIGNED at Houston, Texas, on February 13, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE